UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JASMINE ROJAS, an individual,<br><br>        Plaintiff,<br><br>   v.<br><br>FORD MOTOR CO., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>        Defendants. | No. 2:24-cv-3793 WBS CKD<br><br>ORDER RE: MOTION TO REMAND |

----oo0oo----

        Plaintiff Jasmine Rojas ("plaintiff") filed this action in state court on November 14, 2024 against defendant Ford Motor Co. ("Ford") and a fictitiously named defendant dealer alleging various claims based on her allegedly defective vehicle manufactured by Ford and sold to her by the dealer in Fairfield, California. (Docket No. 1-2.) Ford answered the complaint on December 23, 2024. (Docket No. 1-9.)

        Ford then removed the case to this court on December 31, 2024, based on diversity jurisdiction. (Docket No. 1 (citing 28 U.S.C. §§ 1332, 1441, 1446).) On January 13, 2025, 21 days

1

after Ford served its original answer, plaintiff amended her complaint to substitute Ford Lincoln Fairfield ("dealer") for the fictitiously named defendant dealer.  (Docket No. 12.)

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires "complete diversity" of citizenship among the parties. Demarest v. HSBC Bank USA, N.A., 920 F.3d 1223, 1225-26 (9th Cir. 2019).  However, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court." 28 U.S.C. § 1447(e).

Because plaintiff filed the first amended complaint within 21 days of Ford's answer in state court, it was properly filed without the need for motion.  See Fed. R. Civ. P. 15(a)(1)(B).  Furthermore, considering that the last two claims in the removed complaint refer to a "defendant dealer", albeit under a fictitious name, it does not appear that the dealer is a sham defendant.  The court will thus permit plaintiff's joinder of the dealer.[1]

Plaintiff is a citizen of California.  (Docket No. 1-1 at ¶¶ 7-12.)  Ford is a citizen of Delaware and Michigan. (Docket No. 1-1 at ¶ 13.)  But because the dealer is a citizen of California, the parties are no longer diverse.  (See Docket No. 18 Exs. 1, 3-4.)  Accordingly, plaintiff's amendment has

---

[1] Even if the dealer were not sued in the original complaint, the six-factor test of McGrath v. Home Depot USA, Inc., 298 F.R.D. 601, 606-08 (S.D. Cal. 2014), used to decide whether to permit joinder of the dealer, weigh in favor of joinder and remand pursuant to § 1447(e).

divested the court of subject matter jurisdiction over the matter.  See, e.g., Garcia v. Ford Motor Co., No. 24-cv-563 KJM SCR, 2025 WL 314072, at *1-2 (E.D. Cal. Jan. 28, 2025) (remanding suit against car manufacturer after plaintiff joined non-diverse dealer); Williams v. Volkswagen Grp. of Am., Inc., No. 21-cv-275 JLT EPG, 2022 WL 538970, at *1-2 (E.D. Cal. Feb. 23, 2022) (same).

        IT IS THEREFORE ORDERED that plaintiff's motion to remand the case back to state court (Docket No. 13) be, and the same hereby is, GRANTED.  This case is hereby REMANDED to the Superior Court of the State of California, in and for the County of Placer.[2]

Dated:  February 21, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[2] The court does not find that defendant Ford should be sanctioned based on its removal of the case.  Accordingly, plaintiff's request for sanctions raised in the motion to remand is DENIED.

3